In The United States District Court
For The District Of Delaware

David L. Morris,

    Petitioner,

    V.

Terry Phelps, Warden,

And Joseph R. Biden, III,

Attorney General Of The

State Of Delaware,

    Respondents.

Civ. Case No. _____

08 - 505

28 U.S.C. Subsec. 2254



FILED

AUG 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RD scanned

Memorandum Brief In Support of Habeas Corpus

1). This is petitioner's Memorandum Brief in

support of his habeas Corpus petition pursuant to

28 U.S.C.A. Subsec. 2254 and 2243.

2). The petitioner states that his confinement is in violation of the Constitution, Laws and treaties of the United States, and that the violations rise to a level of a fundamental defect which inherently resulted in a complete miscarriage of justice, inconsistant with fair procedure of State Law which is of Constitutional magnitude.

3). That the general improprieties which occurred in the petitioner's case, in the State Courts, resulted in fundamental unfairness and consequently denied the petitioner equal protection of the Laws, due process, and subjected the petitioner to double jeopardy of twice being sentence to a minimum mandatory sentence.

<u>Facts</u>

4). On May 1, 2003, the petitioner was arrested and charged with Three Counts of Rape in the First degree, and One Count of Unlawful Sexual Contact in the second degree, and on July 7, 2003, prosecution by information was filed, because of petitioner's waiver of indictment by grand jury on May 8, 2003.

5). On January 7, 2004, the petitioner entered a plea of guilty to a lesser included offense of Rape in the Second degree upon receiving concise and essential in-formation from his lawyer that Rape in the second de-gree is a Class B Felony which carries a minimum mandatory Sentence of 2-25 years, and that the petitioner would receive no more than Ten years and could be re-

leased any time after the two years minimum manda-
tory sentence has been served.

6). On the same day January 7, 2004, the petitioner
was sentenced to Fifteen years with Five years sus-
pended for level Three probation after serving a
Ten years minimum mandatory sentence.

7). Although the petitioner filed a motion for
modification of sentence on March 8, 2004; after nearly
Five years of being incarcerated the petitioner is just
now coming to the realization that he was gullibly
duped into signing a fraudulent plea agreement, and
on May 8, 2008, filed a motion for Review And Correction
of Illegal sentence, followed-up with a supplement to
motion for Review of sentence on May 10, 2008, in the

Superior Court, Sussex County, Georgetown, Delaware 19947.
(Please See attached Exhibit-A).

8). On May 15, 2008, the Superior Court dismissed the petitioner's Motions outside of the reasons solicited in the Motions. (Please See attached Exhibit-B).

9). On May 29, 2008, the petitioner filed a Notice of Appeal with the Supreme Court of Delaware and on June 10, 2008, the petitioner filed a Memorandum Brief in support of his appeal. (Please See attached Exhibits- C and D).

10). On June 19, 2008, the respondents filed a Motion To Affirm in response to petitioner's Memorandum Brief. (Please See attached Exhibit-E).

(5)

11) On July 10, 2008, the Supreme Court of the State of Delaware granted the respondents Motion To Affirm and affirmed the decision of the Superior Court for reasons outside of the Superior Courts' decision. (Please see attached Exhibit-F).

## Standard And Scope of Review

12) Whether the petitioner's Sentence exceeds the minimum mandatory Sentence authorized by Statute for a Class B Felony and whether same violates the rights of the petitioner secured under the Constitution of the United States? (U.S.C.A. Const. Amend. V, VIII and XIV).

13) The subtitle of 11 Del. C. Subsec. 772, Rape in the second degree, effective June 30, 2003; First and foremost states that it is a Class B Felony.

(6)

14). 11 Del. C. subsec. 4204(a), effective May 31, 2003, explicitly sets forth that: "Every person convicted of an offense shall be sentenced in accordance with this Criminal Code... This section applies to all judgments of conviction, whether entered after a trial or upon a plea of guilty or nolo contendere."

15). 11 Del. C. subsec. 4205 (b)(2), effective June 30, 2003, states the following: "For a Class B Felony not less than 2 years up to 25 years at level Ⅴ." The minimum mandatory term of imprisonment on a conviction on a plea of guilty for Rape in the second degree is Two (2) years at level Ⅴ.

16). That the petitioner would now like to point out to the Court that, neither the respondents Motion To Affirm or the Delaware Supreme Court's Order (attached Exhibits-E and F) make reference to the Statute of 11 Del. C. subsec. 4205 (b)(2), effective June 30, 2003, which the petitioner should have been sentenced under.

17). The petitioner state that the sentencing Court abused its discretion and prejudice the petitioner when sentencing the petitioner outside of the applicable minimum mandatory and Statutory guidelines for a Class B Felony, especially when viewing the "Immediate Sentencing Form" attached to respondents Motion To Affirm as Ex-D. Any prior felony that would have been listed on the "Immediate Sentencing Form" would have justified such

(8)

egregious and harsh sentence.

18) The sentencing Court further abused its discretion and prejudice the petitioner and denied the petitioner, equal protection, and due process of the laws, when it denied the petitioner's Motion For Review of Sentence Filed under Super. Ct. Crim. R. 35(a) but denied Motion under Super. Ct. Crim. R. 35(b).

19) That the Delaware Supreme Court abused its discretion and prejudice the petitioner when it failed to remand the petitioner's case back to the Superior Court for a determination on petitioner's claims, but instead went on to affirm the Superior Court's decision outside of the reasons for which the Superior Court denied the petitioner's Motion. This is a clean violation

of equal protection, and due process secured under the Constitution of the United States. (U.S.C.A. Const. Amend. $I$ and $XIV$).

Wherefore: For the reasons and upon the authorities stated herein, the petitioner pray that the Court will grant him habeas relief, and issue an Order stating that petitioner's Sentence exceeds the minimum mandatory Sentence authorized by Statute for a Class B Felony, and that the petitioner's Sentence must be vacated and the petitioner resentenced.

Dated: 8-7-08

Petitioner, Pro Se,
David Lee Morris
David L. Morris, SBI #187844
1181 Paddock Road
Smyrna, Delaware 19977.
MHU-Bldg. #23-A-L-6

(10)

Exhibits - A thru F

In The Superior Court of The State of Delaware
In And For Sussex County

David Lee Morris,

Defendant,

V.

State of Delaware,

Respondents;

| | Case No._____ |
| | Super. Ct. Crim. Act.# IS03050351 |
| | ID#0305000324 |

Motion For Review of Sentence

Comes Now the defendant, David Lee Morris, And Se, and moves this Honorable Court with this Motion for Review of Sentence for the following stated reasons. The defendant respectfully represent.

1) That the sentencing judge used improper consideration in determining sentencing of the defendant.

2) That the defendant was not a career criminal, and that the totality of the circumstances shows that the criminal conduct was not defendant's primary occupation within a substantial period of time.

(Exhibit-A)

3). That the defendant had a clean criminal history for thirty two (32) years, up until January 2004, and there was no pattern of criminal conduct engaged in as a livelihood and no planned criminal acts occurred over a substantial period of time.

4). That the defendant should have received a lesser included sentence based on mitigating factors such as, acceptance of responsibility for his actions, no harm to the victim, no coercion or duress to victim, act was consentual and committed under the guise of victim's pretense that she was of legal age, fit the description of a mature woman, and defendant had no way of knowing otherwise until after the act, and defendant was arrested.

5). That the defendant suffers from post traumatic stress disorder resulting from service in Vietnam war, and due to a plethora of excess medication that the defendant must take at one time, defendant is prone to be manipulated into doing and saying things that he would not normally do or say, such as, being manipulated by a young girl to commit a sex act with her, and pleading guilty to a criminal offense that the defendant is not guilty of by design. (The Superior Court has the authority to correct an error in sentencing. Trawick v. State, 845 A.2d 505 (2004)).

2.

6). It is held that the Pre-Sentence Investigation Report (PSI) forms the basis for the judge's sentencing determination, because the (PSI) contains the history and characteristics of the defendant, including prior criminal record, financial condition, and any circumstances affecting the defendant's behavior that might be helpful in determining the type of sentence the defendant should receive. Accordingly, the (PSI) in defendant's case (if any) would support defendant's Motion For Review of Sentence, that the judge used improper consideration in determining sentencing of the defendant.

Therefore: A review of sentence is warranted and resentencing to a lesser sentence required because Sentencing judge failed to disclose (PSI) report contributing to the recommendation of a harsh enhanced sentence of ten (10) years. Under the circumstances the (PSI) does not warrant such a harsh sentence. (Alternatively, Superior Court Criminal Rule 35(a)).

Wherefore: The defendant pray that the Court will grant a review of Sentence and the defendant be allowed to personally address the Court in his own behalf.

Dated: May 8, 2008

Defendant, Pro Se,

David Lee Morris

David Lee Morris, SBI 187844
1181 Paddock Road
Smyrna, Delaware 19977
MHU - Bldg #23-A-L-6

3.

Certificate of Service

This is to Certify that I, David Lee Morris, did cause to be Served a true and Correct Copy of the attached "Motion For Review of Sentence" on the following named person(s) or, agency by placing Same in the United States Postal Service at the, Delaware Correctional Center, Smyrna, Delaware 19977, postage pre-paid on this 8th day of May 2008.

To: Attorney General Office
    Department of Justice
    Georgetown, Delaware 19947.

Dated: May 8, 2008

Defendant, Pro Se,
David Lee Morris
David Lee Morris, SBI # 187844
1181 Paddock Road
Smyrna, Delaware 19977.
MHU- Bldg. # 23-A-L-6

4.

In The Superior Court of The State of Delaware
In And For Sussex County

David Lee Morris,                    Case No. _____
                                     Super. Ct. Crim. Act.# IS 03050351
        Petitioner,

V.

State of Delaware,

        Respondents.

Supplement To Motion
For Review of Sentence

Comes Now the petitioner, David Lee Morris, pro Se, With this Supplement to Motion for review of Sentence. In the alternate, Super, Ct. Crim. R. 35(a). The following is stated in support of this Motion.

1) That the petitioner's Sentence is illegal because it "omits a term required to be imposed by Statute, and is not authorized by the judgment of Conviction."

2) That the petitioner Should have been sentenced to a period of rehabilitation or psychological programs due to the nature of petitioner's Criminal offense, even under the guise of a pretentious plea agreement. Smith V. State,

751 A.2d 878 (Del 2000); Johnson V. State, 758 A.2d 933 (Del. 2000); Monroe V. State, 843 A.2d 696 (Del. 2004).

3). Moreover: In addition to the above a review or correction of illegal Sentence is warranted because the Sentencing Court abused its discretion when it relied on information outside of the Pre-Sentence investigation report (PSI), which would reveal as set forth in paragraphs 2 and 3 of Motion for review of Sentence, that the petitioner is not a danger to society as portrayed by the lengthy Sentence imposed by the Court. Mayes V. State, 604 A.2d 839 (Del. 1992).

4). That, "A Motion under Super. Ct. Crim. R. 35(a) May be filed at any time and is not subject to the 90-day limitations period of Super. Ct. Crim. R. 35 (b). Bowens V. State, - A.2d - (Del. Aug 20, 2007).

Wherefore: Upon the authorities and for the reasons stated herein, the petitioner pray that the Court will grant a review and correction of illegal Sentence.

Dated: May 10, 2008

Petitioner, Pro Se,
David Lee Morris
David Lee Morris, SBI #187844
1181 Paddock Road
Smyrna, Delaware 19977.
MHU-Bldg. #23-A-1-6

(2)

Certificate of Service

This is to Certify that I, David Lee Morris, did Serve a true and correct Copy of the attached "Supplement to Motion For Review of Sentence" on the following named person(s) or agency by placing same in the United States Postal Services at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977; on this 10th day of May 2008.

To: Attorney General Office
Department of Justice
Georgetown, Delaware 19947.

Dated: May 10, 2008

Petitioner, Pro Se,
David Lee Morris
David Lee Morris, SBI 187844
1181 Paddock Road
Smyrna, Delaware 19977
MHU-Bldg #23-A-L-6

(5)

SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

May 15, 2008

David L. Morris
SBI# 00187844
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:    Def. ID# 0305000324
       Motion for Review of Sentence filed May 12, 2008
       Supplement to Motion for Review of Sentence filed May 13, 2008

Dear Mr. Morris:

Absent extraordinary circumstances, which I do not find exist, this Court only has the authority to reduce or modify a sentence within ninety days of the date of sentencing pursuant to Superior Court Criminal Rule 35(b). Additionally, you were sentenced pursuant to the provisions of a Plea Agreement negotiated between the State and the defense. The Court reviewed that agreement, found it to be appropriate and imposed the recommended sentence. I remain satisfied the sentence imposed is reasonable and appropriate.

Your Motion for Review of Sentence is denied. IT IS SO ORDERED.

Very truly yours,

E. Scott Bradley

ESB:tll

cc:    Prothonotary's Office
       Department of Justice

(Exhibit-B)

In The Supreme Court of The State of Delaware

David Lee Morris

    Defendant Below-
    Appellant,

V.

State of Delaware

    Plaintiff Below-
    Appellees.

Case No. 276-2008
Super. Ct. Crim. Act. # IS03050351
I D # 0305000324

Notice of Appeal

Please Take Notice that, David Lee Morris, defendant below appellant, does hereby invoke the perident jurisdiction of the Supreme Court of the State of Delaware for an appeal to this Court, from an Order of the Superior Court, Sussex County, Georgetwon, Delaware, denying appellants "Motion For Review of Sentence, and Supplement To Motion for Review of Sentence, in the alternate, Motion For Correction of Illegal Sentence, on May 15, 2008, by the Honorable judge, E. Scott Bradely, for reasons not solicited in the Motions.

A copy of the Motion and Order of the Superior Court attached hereto as exhibits A and B.

(Exhibit - C)

The name of the attorney below for the appellees is, Attorney General Office, 114 E. Market, Street, Georgetown, Delaware 19947, the party against whom the appeal is taken.

The name and address of the attorney below for the party against whom the appeal is not taken is, David Lee Morris, Pro Se, 1181 Paddock Road, Smyrna, Delaware 19977.

Please Take Further Notice That, in accordance with rules 7(c)(6) and 9(e)(ii), appellant has made the arrangements to provide for a copy of the transcripts by an outside source (family member), and will be forwarded to the Office of the Clerk of the Court upon receipt of same.

Wherefore: Appellant pray that the Court will grant his Notice of Appeal!

Dated: May 29, 2008

Appellant, Pro Se,
David Lee Morris,
David Lee Morris, SBI #187844
1181 Paddock Road
Smyrna, Delaware 19977.
MHU-Bldg #23-A-1-6

(2)

## Certificate of Service

This is to Certify that I, David Lee Morris, did Serve a true and Correct Copy of the Notice of Appeal to the Supreme Court of Delaware on the following name person(s) or agency on this 29th day of May 2008, by placing same in the U.S. Postal Service here at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

TO: Attorney General Office
Department of Justice
114 E. Market Street
Georgetown, Delaware 19947

Dated: May 29, 2008

Appellant, Pro Se,

David Lee Morris

David Lee Morris, SBI #00187844
1181 Paddock Road
Smyrna, Delaware 19977.
MHU-Bldg #23-A-L-6

(3)

In The Supreme Court of The State of Delaware

David Lee Morris,

        Defendant Below-
        Appellant,

Case No # 276, 2008
Super. Ct. Crim. Act. # IS03050351
ID # 0305000324

V.

State of Delaware,

        Plaintiff Below-
        Appellees.

           Memorandum Brief

1). That the presiding judge of the Superior Court improperly denied appellant's Motion For Review of Sentence, in the alternate, Motion For Correction of Illegal Sentence under Super. Ct. Crim. R. 35 (a).

2). Procedurally, Super. Ct. Crim. R. 35(a), was the proper method for challenging imposition of an illegal sentence imposed in an illegal manner by the Superior Court in the above Crim. Act. number upon a prior plea Agreement. Whiteman V. State, - A.2d - (Del. Sept. 7, 2005); Brittingham V. State, 705 A.2d 577 (Del. 1998); Johnson V. State, 797 A.2d 1206 (Del. 2002).

        (Exhibit D)

3). That the presiding judge of the lower Court abused his discretion and prejudice the appellant and denied the appellant equal protection and due process of the Constitution and laws of the State of Delaware and the Constitution of the United States, when he "omitted a required team by Statute", under 11 Del. C. Subsec 4205 (b)(2) and the Bench-Book Sentencing guidelines For a (Class B Felony) page 29. Harman v. State, - A.2d (Del. May 24, 2007); Smith v. State, 751 A.2d 878 (Del. 2000); Johnson v. State, 758 A.2d 933 (Del. 2000).

4). The BenchBook Sentencing guidelines sets forth that appellant was to receive 2 to 25 yrs, that the first 2 yrs may not be suspended, with a presumptive Sentence of 2-5 years. Thus, giving the appellant a minimum Mandatory Sentence of 2 years. (11 Del. C. Subsec.4205 (d)).

5). Therefore, 11 Del. C. subsec. 772 (c) constitute an illegal Sentence because the appellant is given another minimum mandatory Sentence of 10 yrs at Level I on top of the 2 yrs minimum mandatory Sentence For the same offense, which Sentence also Constitutes double jeopardy.

6). However: In any event the 10 yrs sentence under 11 Del. C. Subsec. 772 (c) is illegal because under the Bench-Book Sentencing guidelines the appellant must have had a prior (Class A or B Felony) Sex offense, which the appellant did not have, including 772 (a)(2) b. 2. h. does not make the appellants sentence legal.

2.

7). The required terms omitted by Statute/ law, is the fact that the appellant should have recied the 2 yrs minimum mandatory Sentence or the presumptive Sentence of 2-5 yrs as set forth in the BenchBook Sentencing Guidelines. Appellant's sentence under 11 Del. C. subsec. 772(c) is an illegal Sentence because in excess of the maximum minimum mandatory Sentence authorized by law, and Constitutes double jeopardy. Brittingham V. State, 705 A.2d 577 (Del. 1998). Zemmenman V. State, 748 A.2d 914 (Del. 2000). That such Sentence in appellant's case also Constitutes Cruel and unusual punishment prohibited by the Federal Constitution. (U.S. Const. Amend. VIII and XIV), Fatin V. Thomas, 106 F. Supp. 2d 572 (D. Del. 2000); Price V. State, 794 A.2d 1160 (Del. 2002).


8). That 11 Del. C. subsec. 772(c) in scope of 11 Del. C. subsec. 4205 and the BenchBook Sentencing Guidelines for Class B Felony, "is simultaneously a Flouting of the law," is ambiguous and Contradictory with respect to the time and manner in which it is to be served. Moreover: No Where under the Sentencing guidelines does it state that because the appellant has taken a plea of guilty that the appellant Can be sentenced outside of the range of the Sentencing guidelines. Monroe V. State, 843 A.2d 698 (Del. 2004).

9). Under the Circumstances presented a Correction of illegal Sentence should be granted. Hall V. State, — A.2d (Del. Oct. 27, 2006); Upshur V. State, 892 A.2d 1085 (Del. 2006); Bowens V. State, — A.2d (Del. Aug 20, 2007), and the appellant should be resentenced Pursuant to 11 Del. C. Subsec. 4205 (e).

10). That the appellant dismiss all Claims except 1 and 4 of Supplemental Motion. For Review of Sentence.

Wherefore: The appellant pray that the Court will grant the relief sought.

Dated: ~~8~~ ~~07~~
        6, 10, 08

Appellant, Pro Se,
David Lee Morris
David Lee Morris, SBI #187844
1181 Paddock Road
Smyrna, Delaware 19977.
MHU-Bldg. #23-A-L-6

30.

4.

# Certificate of Service

I, _David Lee Morris_ , hereby certify that I have served a true

and correct cop(ies) of the attached: _Memorandum Brief To The_

_Supreme Court of Delaware_ upon the following

parties/person (s):

TO: _Attorney General Office_          TO: _____

_Department of Justice_          _____

_114 East Market Street_          _____

_Georgetown, Delaware_          _____

_19947._          _____


TO: _____          TO: _____

_____          _____

_____          _____

_____          _____

_____          _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE  19977.

On this _10_ day of _JUNE_ , _2008_ , ~~2007~~ .

_David Lee Morris_

Summary- Case No. 276-2008

In U.S. v. Goff, 6 F.3d 363, 367 (6th Cir. 1993) (When Statutory Minimum Sentence was 10 years imprisonment, Sentencing Court was not free to "Correct" Sentence of wheelchair-bound quadriplegic to 60 Months imprisonment and 60 Months home detention) He must served the 10 years Minimum Sentence.

However: In appellant's Case the Sentencing guidelines for a (Class B Felony) is 2 to 25 years With a minimum mandatory Sentence of 2 years that cannot be suspended. Therefore the Sentencing Court was not free to impose a Simultaneous 10 years Minimum Mandatory Sentence on top of the 2 years Minimum Mandatory Sentence. A Sentence must fall within the Minimum and Maximum Sentence allowed by the applicable guidelines Sentencing range.

Even in a Case of a Conviction by a guilty plea containing a stipulation that specifically establishes a more serious offense than the offense of Conviction, the total offense level is determined based upon the stipulated offense. In appellant's Case the stipulated offense states 2 to 25 years with a 2 years minimum Mandatory Sentence, and any sentence beyond the 2 years Should be Without mandatory implications

As appellant's Sentence now stands, it subjects appellant to Cruel and unusual punishment, double jeopardy, and denies the appellant equal protection and due process as guaranteed under the Constitution of the United States (U.S.C.A. Const. Amend. V, VIII and XIV).   5

**IN THE SUPREME COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| **DAVID L MORRIS,** | ) |
| | ) |
| Defendant Below- | ) |
| Appellant | ) |
| | ) |
| v. | ) No. 276, 2008 |
| | ) |
| **STATE OF DELAWARE,** | ) |
| | ) |
| Plaintiff Below- | ) |
| Appellee | ) |

### MOTION TO AFFIRM

Pursuant to Rule 25(a), the State moves to affirm the Superior Court judgment on the grounds that it is manifest on the face of the opening brief that the appeal is without merit:

1.  In July 2003, David Morris was charged by information with three counts of Rape in the First Degree for having sexual intercourse with a minor who was over age 16, and one count of Unlawful Sexual Contact for sexual contact with the same minor before she reached age 16. Information. (Ex A) On January 7, 2004, he pled guilty to one count of the lesser-included offense of Rape in the Second Degree. Plea Agr. (Ex. B) The State entered a nolle prosequi on the remaining charges. (Ex. C, DI 16) Morris was immediately sentenced to fifteen years at Level V, to be suspended after ten years. Imm. Sent. Form; Sent. Ord. at 1. (Exs. D & E)

2.  On March 12, 2004, Morris filed his first motion for a sentence reduction, alleging that his sentence should be modified because he suffers from "nymphomania disease"

$(\mathcal{E}xhib:t-\mathcal{E})$

1

and could not control his actions. Motion for Mod. Sent.
(Ex. F) The Superior Court summarily denied his motion,
noting that he is serving a statutory mandatory sentence,
which cannot be modified. *Morris v. State,* Del. Super., No.
0305000324, Bradley, J. (March 15, 2004)(Ex. G). Morris did
not appeal.

    3. On May 12, 2008, Morris filed a Motion for Review
of Sentence, which he supplemented on May 13, 2008. Motion
for Rev. Sent.; Supp. to Motion. (Exs. H & I) Morris
argued that his sentence should be corrected or reduced due
to mitigating factors, including his lack of criminal
history and acceptance of responsibility. Motion for Rev.
Sent. at 1-2. (Ex. H) Morris asserted that the sexual
intercourse was consensual, there was "no harm to the
victim," that he was not aware that the victim was a minor,
and that his excessive medication for post-traumatic stress
disorder enabled the victim to manipulate him into doing
something he otherwise would not have done. *Id.* He also
argued that the sentencing judge relied on improper
information in sentencing him, although he did not specify
what information. Motion for Rev. Sent. at Par. 6; Supp. at
Par. 3. (Ex. H & I) Morris also raised claims related to a
pre-sentence investigation; however, the record does not
reflect that one was prepared. *See* Ex. C. The Superior
Court denied his motion because it was untimely and he had
not raised extraordinary circumstances warranting a
reduction or modification. *Morris v. State*, Del. Super.,

No. 035000324, Bradley, J. (May 15, 2008)(Ex. J).  Morris
now appeals.

4.    On appeal, Morris claims that the Superior Court
abused its discretion in denying his motion and violated his
state and constitutional rights by sentencing him to more
than 2-5 years at Level V, which he contends is the
presumptive sentence for Rape in the Second Degree under the
SENTAC guidelines.

5.    Morris' claim is without merit.  Morris was
sentenced to fifteen years at Level V, suspended after ten
years for lesser degrees of supervision.  Section 772 of
Title 11 dictates that the minimum mandatory term for a
conviction of Rape in the Second Degree is ten years at
Level V.  11 *Del. C.* § 772(a)(2)h.(2003).  Morris is serving
the statutory mandatory minimum Level V sentence.  He was
informed that ten years was the statutory mandatory minimum
when he completed this Truth-In-Sentencing Guilty Plea Form.
(Ex. B)  This fact is also reflected in his Sentence Order
and in the Superior Court's denial of his first motion for
modification of sentence.  (Exs. E and G)  Morris' sentence
may not be reduced below the minimum Level V sentence
required by Section 772.  *State v. Sturgis,* Del. Supr., No.
66, 2008, at 2-3, 11, Holland, J. (May 6, 2008)(Ex. K).

6.    To the extent that Morris relies on a misreading
of the SENTAC Guidelines, the State also notes that the
SENTAC guidelines are voluntary and non-binding.  *Ward v.
State*, 567 A.2d 1296, 1297 (Del. 1989).  Appellate review

3

ends upon the determination that a sentence is within the statutory maximum. *Id.* The statutory maximum sentence for Rape in the Second Degree was increased from 20 to 25 years at Level V, effective June 2003. 74 *Del. Laws* 106, § 9. Morris was sentenced well within the statutory maximum. His appeal is without merit.

    7.   The Superior Court judgment must be affirmed.

Abby Adams (ID No. 3596)
Deputy Attorney General
Department of Justice
114 E. Market Street
Georgetown, DE 19947
(302) 856-5033

June 19, 2008

4

*Froth*
(5)

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

| STATE OF DELAWARE | : | CR. A. #S03-05-0351 thru 0354 |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| DAVID L. MORRIS | : | |
| ID#0305000324 | : | **INFORMATION** |

The Attorney General of the State of Delaware by information makes that **DAVID L. MORRIS** did commit the following offenses, to wit:

#### COUNT 1 - RAPE IN THE FIRST DEGREE - S03-05-0351

**DAVID L. MORRIS**, between the 1st day of September, 2002, and the 31st day of December, 2002, in the County of Sussex, State of Delaware, did intentionally engage in sexual intercourse with Brittany Poore who had reached her sixteenth birthday and the defendant stands in a position of trust, authority or supervision, or is an invitee or designee of a person who stands in a position of trust, authority or supervision, to wit: the defendant inserted his penis inside Brittany Poore's vagina, in violation of Title 11, Section 773(a)(6) of the Delaware Code.

#### COUNT 2 - RAPE IN THE FIRST DEGREE - S03-05-0352

**DAVID L. MORRIS**, between the 1st day of September, 2002, and the 31st day of December, 2002, in the County of Sussex, State of Delaware, did intentionally engage in sexual intercourse with Brittany Poore who had reached her sixteenth birthday and the defendant stands in a position of trust, authority or supervision, or is an invitee or designee of a person who stands in a position of trust, authority or supervision, to wit: the defendant placed his penis inside Brittany Poore's mouth, in violation of Title 11, Section 773(a)(6) of the Delaware Code.

Ex A

### COUNT 3 - RAPE IN THE FIRST DEGREE - S03-05-0353

**DAVID L. MORRIS,** between the 1st day of September, 2002, and the 31st day of December, 2002, in the County of Sussex, State of Delaware, did intentionally engage in sexual intercourse with Brittany Poore who had reached her sixteenth birthday and the defendant stands in a position of trust, authority or supervision, or is an invitee or designee of a person who stands in a position of trust, authority or supervision, to wit: the defendant inserted his tongue inside Brittany Poore's vagina, in violation of Title 11, Section 773(a)(6) of the Delaware Code.

### COUNT 4 - UNLAWFUL SEXUAL CONTACT IN THE SECOND DEGREE

### S03-05-0354

**DAVID L. MORRIS,** between the 15th day of May, 2002, and the 15th day of September, 2002, in the County of Sussex, State of Delaware, did intentionally have sexual contact with Brittany Poore, who is less than 16 years of age, in violation of Title 11, Section 768 of the Delaware Code.

s/M. JANE BRADY
ATTORNEY GENERAL

_____
**DEPUTY ATTORNEY GENERAL**

**DATED:** 7/7/03
jyj

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR SUSSEX COUNTY**

| | | |
|---|---|---|
| THE STATE OF DELAWARE | : | WAIVER OF PRELIMINARY HEARING |
| | : | |
| | : | WAIVER OF INDICTMENT |
| | : | |
| vs. | : | |
| | : | |
| David Morris | : | I.D.# |
| | : | |
| | : | |

The above-named defendant, being advised of the nature of
the charge or charges and knowing his rights, hereby waives,
in open court and/or by written pleading, the preliminary hearing
**and** prosecution by indictment; and consents that the proceeding
may be by information instead of indictment.  In addition to
Rule 16 discovery, the state shall provide copies of the police
reports to the defense.

_____
DEFENDANT

_____
COUNSEL FOR DEFENDANT

DATE: 5-08-03

oc:  Prothonotary
cc:  Department of Justice
     Attorney
     Defendant

# TRUTH-IN-SENTENCING GUILTY PLEA FORM
## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR _Sussex_ COUNTY



| | | |
|---|---|---|
| STATE OF DELAWARE | ) | ID: _0305000324_ |
| v. _David L. Morris_ | ) | CRA: _03-05-0351 thru 0354_ |
| | ) | |

**The defendant must answer the following questions in his or her own handwriting.**

Date of Birth _8, 15, 47_     Last grade in school completed _12th_

| | Yes | No |
|---|---|---|
| Have you ever been a patient in a mental hospital? | ☑ Yes | ☐ No |
| Are you under the influence of alcohol or drugs at this time? | ☐ Yes | ☑ No |
| Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement? | ☑ Yes | ☐ No |
| Have you been promised anything that is not stated in your written plea agreement? | ☐ Yes | ☑ No |
| Has your attorney, the State, or anyone threatened or forced you to enter this plea? | ☐ Yes | ☑ No |

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional right:
  (1) to be **presumed innocent** until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
  (2) to a **speedy and public trial**;
  (3) to **trial by jury**;
  (4) to **hear and question the witnesses** against you;
  (5) to **present evidence** in your defense;
  (6) to **testify** or not testify yourself; and,
  (7) to **appeal** to a higher court?      ☑ Yes  ☐ No

| OFFENSE | STATUTORY PENALTY | | TIS GUIDELINE |
|---|---|---|---|
| | Incarceration | Amount of Fine (range if applicable) | |
| Rape 2nd (B felony) | 10 yr - 20 yr | Any | 10 yr |
| | | | |
| | | | |

**TOTAL CONSECUTIVE MAXIMUM PENALTY:** Incarceration: _20 yr_     Fine: _Any_

*NON-CITIZENS: Conviction of a criminal offense may result in deportation, exclusion from the United States, or denial of naturalization.*

| | Yes | No |
|---|---|---|
| Do you understand that, if incarcerated, you will not be eligible for parole, and the amount of early release credits which you may earn will be limited to a maximum of ninety (90) days per year? | ☑ Yes | ☐ No |
| Is there a **minimum mandatory penalty**? | ☑ Yes | ☐ No |
| If so, what is it? _10 yr_ | | |
| Is there a **mandatory revocation of driver's license or privileges** for this offense or as a result of your plea? | ☐ Yes | ☑ No |
| If so, what is the **length of revocation**? _____ years | | |
| Has anyone promised you what your sentence will be? | ☐ Yes | ☑ No |
| Were you on **probation or parole** at the time of this offense? (A guilty plea may constitute a violation.) | ☐ Yes | ☑ No |
| Do you understand that a guilty plea to a felony will cause you to lose your right to vote, to be a **juror, to hold public office**, and other civil rights? | ☑ Yes | ☐ No |
| Have you been advised that this is an offense which results in the loss of the **right to own or possess a deadly weapon**? | ☑ Yes | ☐ No |
| Have you been advised that this is an offense which requires **registration as a sex offender**? | ☑ Yes | ☐ No |
| Are you satisfied with your lawyer's representation of you and that your lawyer has **fully advised you of your rights** and of your guilty plea? | ☑ Yes | ☐ No |
| Have you read and understood all the information contained in this form? | ☑ Yes | ☐ No |

| | | |
|---|---|---|
| _John Sandy_ | _1/7/04_ | _David Lee Morris_ |
| Defense Counsel | Date | Defendant |
| Print name: _John Sandy_ | | Print name: _DAVID LEE NORRIS_ |

Copies: Superior Court, Attorney General, Attorney for Defendant, Defendant     Document No.: 02-03-10-00-05-01 (Rev. 03/09/00)

_Ex. B_

SUPERIOR COURT CRIMINAL DOCKET
( as of  06/02/2008 )

**EFiled: Jun  2 2008 10:58AM EDT**
**Filing ID 20056224**
**Case Number 276,2008**

State of Delaware v.  DAVID L MORRIS                     DOB: 08/15/1947
State's Atty: MARTIN J COSGROVE , Esq.        AKA:
Defense Atty: JOHN M SANDY , Esq.


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0305000324 | PS03050351I | RAPE 2ND TRUST | GLTY | 01/07/2004 |
| 002 | 0305000324 | S03050352I | RAPE 1ST TRUST | NOLP | 01/07/2004 |
| 003 | 0305000324 | S03050353I | RAPE 1ST TRUST | NOLP | 01/07/2004 |
| 004 | 0305000324 | S03050354I | UNLAW SEX CON 2 | NOLP | 01/07/2004 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| 1 | 05/08/2003 | CASE ACCEPTED IN SUPERIOR COURT. ARREST DATE: 05/01/2003 PRELIMINARY HEARING DATE: BAIL:  SECURED BAIL-RELEASED              31,000.00 | |
| 2 | 05/15/2003 | ENTRY OF APPEARANCE FILED BY JOHN M. SANDY, ESQUIRE. | |
| 3 | 05/15/2003 | NOTICE OF SERVICE FOR REQUEST FOR BRADY MATERIAL FILED BY JOHN M. SANDY, ESQUIRE. | |
| 4 | 05/15/2003 | NOTICE OF SERVICE - DISCOVERY REQUEST FILED BY JOHN M. SANDY, ESQUIRE. | |
| 5 | 07/14/2003 | WAIVER OF INDICTMENT & INFORMATION FILED. ARREST DATE +ARRDAT+ | |
| 6 | 07/29/2003 | SUMMONS MAILED. TO DEFENDANT FOR APPEARANCE AT ARRA. ON 8/7/03 AT 9AM. | |
| 7 | 08/04/2003 | ARRAIGNMENT CALENDAR - 10-C FILED BY JOHN SANDY, ESQ. | |
| 8 | 08/28/2003 | STATE'S RESPONSE TO THE DEFENDANT'S REQUEST FOR DISCOVERY FILED BY MARTIN COSGROVE, DAG | |
| 9 | 09/02/2003 | CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW. FCR:  11/5/03 TJT:  11/24/03 | GRAVES T. HENLEY |
| 10 | 09/15/2003 | CONTINUANCE REQUEST FILED BY THE STATE FOR CONTINUANCE OF 11/24/03 JT. | |
| 11 | 09/29/2003 | | |

$\mathcal{EC}$

```
                      SUPERIOR COURT CRIMINAL DOCKET              Page    2
                          ( as of  06/02/2008 )

State of Delaware v.  DAVID L MORRIS                         DOB: 08/15/1947
State's Atty: MARTIN J COSGROVE , Esq.         AKA:
Defense Atty: JOHN M SANDY , Esq.


      Event
No.   Date        Event                                    Judge
----------------------------------------------------------------------------
      CONTINUANCE REQUEST FILED BY THE STATE.
12    12/11/2003
      SUBPOENA(S) MAILED.
      TO DEFENDANT AND BONDSPERSON FOR APPEARANCE AT FINAL CASE REVIEW ON
      WEDNESDAY, JANUARY 7, 2004, AT 9:00 A.M.
13    12/11/2003
      SUBPOENA(S) MAILED.
      TO DEFENDANT AND BONDSPERSON FOR APPEARANCE AT TRIAL ON MONDAY,
      JANUARY 12, 2004, AT 9:00 A.M.
15    12/19/2003
      SUBPOENA(S) ISSUED.
14    12/22/2003
      DISCOVERY RESPONSE FILED BY MARTIN COSGROVE.
16    01/07/2004                                    BRADLEY E. SCOTT
      FINAL CASE REVIEW:  DEFENDANT PLED GUILTY/SENTENCED
      IMMEIDATE SENTENCE, PLEA AGREEMENT, GUILTY PLEA FORM AND
      NOLLE PROSS FILED
      CR-KIMMEL
17    03/12/2004
      MOTION FOR SENTENCE REDUCTION OR MODIFICATION FILED BY DEFENDANT.
18    03/16/2004                                    BRADLEY E. SCOTT
      MOTION FOR SENTENCE REDUCTION OR MODIFICATION IS DENIED.
19    12/20/2004
      LETTER FROM BARBARA GRAHAM TO JUDGE STOKES RE:  ON BEHALF OF THE
      DEFENDANT.
20    12/22/2004
      LETTER FROM JUDGE BRADLEY TO BARBARA GRAHAM
      RE: ADVISING THIS COURT CAN ONLY CONSIDER A REQUEST FOR REDUCTION OR
      MOD. OF SENTENCE FROM DEF. OR HIS ATTORNEY, THEREFORE, WE ARE UNABLE
      TO CONSIDER YOUR REQUEST ON DEF'S BEHALF. ALSO, ADVISING DEF. IS
      SERVING MANDATORY SENTENCE AND COURT DOES NOT HAVE AUTHORITY TO
      MODIFY IT.
21    05/12/2008                                    BRADLEY E. SCOTT
      MOTION FOR REVIEW OF SENTENCE FILED BY DEFENDANT.
22    05/13/2008                                    BRADLEY E. SCOTT
      SUPPLEMENT TO MOTION FOR REVIEW OF SENTENCE FILED BY DEFENDANT IN
      LETTER FORM.
23    05/19/2008                                    BRADLEY E. SCOTT
      MOTION FOR REVIEW OF SENTENCE DENIED

              *** END OF DOCKET LISTING AS OF  06/02/2008 ***
                    PRINTED BY: CSUABAC
```

I M M E D I A T E   S E N T E N C I N G   F O R M *

State v. _David Morris_____

Cr.A.#_____Def.ID#_____

## TO BE COMPLETED BY THE DEPUTY ATTORNEY GENERAL

Records of the Attorney General's Office in Sussex County
indicate the following convictions since 1976:

_0_ Number of prior felonies (Specify crime and year of
conviction)

_____

_____
_____

_0_ Number of prior non-violent felonies (Specify crime and year
of conviction)

_____

_____

_2_ Number of prior misdemeanors (Specify crime and year of
conviction)
_Assault 3rd - 88, OT- 87,_____

_____
_____

YES/UNKNOWN       Was this crime committed while defendant was on
(circle one)      release or pending trial/sentencing?

YES/No            Will this plea result in an enhanced penalty
(circle one)      and/or a minimum mandatory penalty?

                  If Key and/or CREST are being requested, has the
                  defendant been evaluated for substance abuse
                  rehabilitation needs?  Yes _____ No _____ If
                  not, be prepared to address if Key and CREST
                  resources are appropriate.

_Cosgrove_____  _____  _____
(print)                    (sign)                   Date
Deputy Attorney General


*This form is required for immediate sentencing.

EXD

TO BE COMPLETED BY DEFENDANT:

_____    Number of prior felonies in Delaware or any other
           State:  (Specify crime and year of conviction)

           _State's record is accurate_

_____    Number of prior misdemeanors:  (Specify crime and
                                            year of conviction)

           _State's record is accurate_

YES (NO)       Was this crime committed while you
(circle one)   were on release or pending
               trial/sentencing?

YES (NO)       Were you on probation or parole?
(circle one)   If so, what probation level? _____

_David Morris_ _____    _David Lee Morris_    _1/7/06_
Print Defendant's Name    Defendant's Signature    Date


Any false statements made on this paper are punishable under
11 _Del.C._ §1233.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE

VS.

DAVID L MORRIS

Alias: NO ALIASES

DOB: 08/15/1947
SBI: 00187844

CASE NUMBER:                      CRIMINAL ACTION NUMBER:
0305000324                        PS03-05-0351I
                                  RAPE 2ND TRUST(F)
                                  LIO:RAPE 1ST TRUST

COMMITMENT
TIER 3

## SENTENCE ORDER

NOW THIS  7TH DAY OF JANUARY, 2004, IT IS THE ORDER OF THE
COURT THAT:

The defendant is adjudged guilty of the offense(s) charged.
The defendant is to pay the costs of prosecution and all
statutory surcharges.

Restitution is to be determined by Department of Justice
within 60 days.


AS TO PS03-05-0351-I : TIS
RAPE 2ND TRUST

Effective January  7, 2004  the defendant is sentenced
as follows:

 - The defendant is placed in the custody of the Department
of Correction for 15 year(s) at supervision level 5 with
credit for 1 day(s) previously served


 - Suspended after serving 10 year(s)  at supervision level
5

 - Followed by 5 year(s)  at supervision level 3

   The first 10 years   of this sentence is a mandatory term
**APPROVED ORDER**    1      June 18, 2008 14:06

$Ex E$

STATE OF DELAWARE
        VS.
DAVID L MORRIS
DOB: 08/15/1947
SBI: 00187844

of incarceration pursant to DE1107720a2hFB .

 Probation is concurrent to any probation now serving.

## SPECIAL CONDITIONS BY ORDER

STATE OF DELAWARE
        VS.
DAVID L MORRIS
DOB: 08/15/1947
SBI: 00187844

### CASE NUMBER:
### 0305000324

The defendant shall pay any monetary assessments ordered
during the period of probation pursuant to a schedule of
payments which the probation officer will establish.

Should the defendant be unable to complete financial
obligations during the period of probation ordered, the
defendant may enter the work referral program until said
obligations are satisfied as determined by the Probation
Officer.

Have no contact with Brittany Poore

Have no contact with the victim, victim's family, residence
or property.

Have no contact with any minor under the age of 18 years.

Pursuant to 29 Del.C. 4713(b), the defendant shall undergo
DNA testing under the direction of the Division of Public
Health, or pursuant to statute, and the results shall be
made available to the State.

Pursuant to 11 Del.C. 3912, the defendant shall undergo HIV
testing under the direction of the Division of Public
Health and the results shall be made available to the
state, pursuant to statute.

Defendant is required to register with the State Bureau of
Identification as a Sex Offender pursuant to 11 Del. C.
4336 , 11 Del. C. 4120, 11 Del.C. 4121.

The provisions of 11 Del. C. Sections 4120, 4121 and 4336 -
Sex Offender Registration and Community Notification -
apply to this case. NOTE: Victim is under 16 years of age.

Defendant shall complete Sexual Disorders counseling
**APPROVED ORDER**   3      June 18, 2008 14:06

STATE OF DELAWARE
        VS.
DAVID L MORRIS
DOB: 08/15/1947
SBI: 00187844

treatment program.


_____
JUDGE E. SCOTT BRADLEY

## FINANCIAL SUMMARY

**STATE OF DELAWARE**
        **VS.**
**DAVID L MORRIS**
**DOB: 08/15/1947**
**SBI: 00187844**

                              **CASE NUMBER:**
                                **0305000324**


SENTENCE CONTINUED:

TOTAL DRUG DIVERSION FEE ORDERED

TOTAL CIVIL PENALTY ORDERED

TOTAL DRUG REHAB. TREAT. ED. ORDERED

TOTAL EXTRADITION ORDERED

TOTAL FINE AMOUNT ORDERED

FORENSIC FINE ORDERED                               100.00

RESTITUTION ORDERED

SHERIFF, NCCO ORDERED

SHERIFF, KENT ORDERED

SHERIFF, SUSSEX ORDERED                              45.00

PUBLIC DEF, FEE ORDERED

PROSECUTION FEE ORDERED                             100.00

VICTIM'S COM ORDERED

VIDEOPHONE FEE ORDERED                                1.00

---

TOTAL                                              246.00

0305000324

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR  SUSSEX COUNTY  (17)

STATE OF DELAWARE )
)
v. )
)
*David L Morris* )      I.D. No. 0305000324
Correct Full Name of Movant )
)                Cr. A. Nos. __K P503- 05 - 035/I
*No Aliases* )                __K____ CERTIFIED
Movant's Alias(es), if any )
)                          **AS A TRUE COPY**
Date of Birth. 08 / 15 / 1947 )
SBI Number: 00187844 )      ATTEST *Jayne M. Collins*
Defendant. )                          PROTHONOTARY

PER: *Quay Mitchell*
MOTION FOR SENTENCE                          CLERK
(REDUCTION OR MODIFICATION)

1.    The Court imposed Movant's sentence on the following date: Jan 7, 2004

2.    The Judge who imposed the sentence was: E, Scott Bradley

3.    Offense(s) for which Movant was sentenced and length of sentence(s):

Rape 2nd Trust   15 yr suspended after 10 years
Level 5   followed by 5 yr Level 3 probation
first 10 yrs mandatory term

2004 MAR 12  AM 10: 19

ExF

4.   State the grounds upon which you believe that the Court should modify or reduce your sentence. You must state the relevant facts in support of the grounds you raise:

Ground one: Is due to the Fact that I have Nymphomania disease!

Supporting facts: Are the Fact that I was married and I was having sex with my wife every night, but I was still playing with myself once or twice a everyday To Release the tension in my mind, But when my wife cut me off from having oral sex with me something went Blip in my mind for me to do what I did without any thought as to the consequences once I steped over the Line of Right or wrong I couldnt go Back!

Ground two: Slow motor Drive mentality

Supporting facts: Is due to the fact that in 86 or 87 I was put into Coma for a week by my Ex wifes boyfriend At the time I spent a month in the hospital

Ground three: Infection of the brain

Supporting facts: Is due to the fact that I had an internal grawth on my ear drum and the infection was going to my brain, After I was opexated on for three years I had no Recall or the power or process of Remembering or the stoke of things Remembered!

Ground four: My mental Health doctor from the UA would

Supporting facts: Verify that I have Nymphomania disease And it would be in the states best interest if I was put on house Arrest with continuous therapy After the First five years of Jail time

Thank you
Darrette Moore

Wherefore, in light of the above, Movant asks that the Court modify/reduce his sentence as follows: _____

_____

_____

_____

_____


_____
Signature of attorney (if any)


I declare the truth of the above under penalty of perjury.

3 , 8 , 04        David Lee Morris
Date signed        Signature of Movant (Notarization not required)

## CERTIFICATE OF SERVICE

I, _David Lee Morris_ _____, hereby certify that

I have served a true and correct copy of the attached motion upon the following party, on

the __10__ day of ___BMArch__ , _04_ .

_____

Deputy Attorney General
Department of Justice
*114 East Market Street*
*Georgetown, DE. 19947*

_3, 8, 04_

Date signed

_David Lee Morris_

Signature of Movant (Notarization not required)

# Certificate of Service

I, $\underline{D H V I D \quad M c r r i s}$____, hereby certify that I have served a true

and correct cop(ies) of the attached: _____

_____ upon the following

parties/person (s):

TO: _Attorney General_ ___       TO: _____

_114 EAST Market Street_       _____

_Georgetown, DE. 19947_       _____

_____       _____

TO: _____       TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this __$(0$__ day of __$March$__ _____, 2004

SUPERIOR COURT
OF THE
STATE OF DELAWARE



E. SCOTT BRADLEY
*JUDGE*

SUSSEX COUNTY COURTHOUSE
THE CIRCLE
P.O. BOX 746
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

March 15, 2004

**CERTIFIED
AS A TRUE COPY**

David L. Morris
SBI# 00187844
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

ATTEST *Jayne M. Callens*
PROTHONOTARY

PER: *Judy Mitchell*
CLERK

RE:   Def. ID# 0305000324

Dear Mr. Morris:

        You are serving a mandatory sentence pursuant to statute.  The
Court does not have the authority to reduce or modify it.   Your
Motion for Sentence Reduction or Modification is denied.

-        IT IS SO ORDERED.

Yours very truly,

E. Scott Bradley

kjt
xc:   Prothonotary

2004 MAR 16  AM 11: 59
PROTHONOTARY
SUSSEX COUNTY

EX G

In The Superior Court Of The State Of Delaware
In And For Sussex County

EFiled: Jun 2 2008 10:58AM EDT
Filing ID 20056224
Case Number 276,2008

David Lee Morris,

        Defendant,

V.

State of Delaware,

        Respondents;

Case No. _____
Super. Ct. Crim. Act. # IS03050351
ID# 0305000324

## Motion For Review Of Sentence

Comes Now the defendant, David Lee Morris, Pro Se, and moves this Honorable Court with this Motion For Review of Sentence for the following stated reasons. The defendant respectfully represent.

1). That the sentencing judge used improper consideration in determining sentencing of the defendant.

2). That the defendant was not a career criminal, and that the totality of the circumstances shows that the criminal conduct was not defendant's primary occupation within a substantial period of time.

(Exhibit-A)

Ex. H

3) That the defendant had a Clean Criminal history for thirty two (32) years, up until January 2004, and there was no pattern of Criminal Conduct engaged in as a livelihood and no planned Criminal acts occurred over a Substantial period of time.

4) That the defendant should have received a lesser included sentence based on mitigating factors such as, acceptance of responsibility for his actions, no harm to the victim, no coercion or duress to victim, act was consentual and committed under the guise of victim's pretense that she was of legal age, fit the description of a mature woman, and defendant had no way of knowing otherwise until after the act, and defendant was arrested.

5) That the defendant suffers from post traumatic stress disorder resulting from Service in Vietnam war, and due to a plethora of excess medication that the defendant must take at one time, defendant is prone to be manipulated into doing and saying things that he would not normally do or say, such as, being manipulated by a young girl to commit a sex act with her, and pleading guilty to a Criminal offense that the defendant is not guilty of by design. (The Superior Court has the authority to correct an error in sentencing. _Trawick V. State_, 845 A. 2d 505 (2004)).

2.

b). It is held that the Pre-Sentence Investigation Report (PSI) forms the basis for the judge's sentencing determination, because the (PSI) contains the history and characteristics of the defendant, including prior criminal record, financial condition, and any circumstances affecting the defendant's behavior that might be helpful in determining the type of sentence the defendant should receive. Accordingly, the (PSI) in defendant's case (if any) would support defendant's Motion For Review of Sentence, that the judge used improper consideration in determining sentencing of the defendant.

Therefore: A review of sentence is warranted and resentencing to a lesser sentence required because sentencing judge failed to disclose (PSI) report contributing to the recommendation of a harsh enhanced sentence of ten (10) years. Under the circumstances the (PSI) does not warrant such a harsh sentence. (Alternatively, Superior Court Criminal Rule 35(a)).

Wherefore: The defendant pray that the Court will grant a review of sentence and the defendant be allowed to personally address the Court in his own behalf.

Dated: May 8, 2008

Defendant, Pro Se,

David Lee Morris

David Lee Morris, SBI 187844
1181 Paddock Road
Smyrna, Delaware 19977
MHU-Bldg #23-A-L-6

3.

Certificate of Service

This is to Certify that I, David Lee Morris, did cause to be served a true and correct copy of the attached "Motion for Review of Sentence" on the following named person(s) or, agency by placing same in the United States Postal Service at the, Delaware Correctional Center, Smyrna, Delaware 19977, postage pre-paid on this 8th day of May 2008.

To: Attorney General Office
   Department of Justice
   Georgetown, Delaware 19947.

Dated: May 8, 2008

Defendant, Pro Se,
David Lee Morris
David Lee Morris, SBI #187844
N81 Paddock Road
Smyrna, Delaware 19977.
MHU-Bldg #23-A-L-6

4.

EFiled: Jun 2 2008 10:58AM EDT
Filing ID 20056224
Case Number 226,2008

In The Superior Court of The State of Delaware

In And For Sussex County

David Lee Morris,                    Case No. _____
                                     Super. Ct. Crim. Act. # IS 03050351

      Petitioner,

V.

State of Delaware,

      Respondents

Supplement To Motion
For Review of Sentence

Comes Now the Petitioner, David Lee Morris, Pro Se, With this Supplement to Motion for review of Sentence. In the alternate, Super. Ct. Crim. R. 35(a). The following is stated in support of this Motion.

1) That the petitioner's Sentence is illegal because it "omits a term required to be imposed by Statute, and is not authorized by the judgment of Conviction."

2) That the petitioner should have been sentenced to a period of rehabilitation or psychological programs due to the nature of petitioner's Criminal offense, even under the guise of a pretentious plea agreement. Smith v. State,

Ex I

751 A.2d 878 (Del. 2000); Johnson V. State, 758 A.2d 933 (Del. 2000); Monroe V. State, 843 A.2d 696 (Del. 2004).

3) Moreover: In addition to the above a review or correction of illegal sentence is warranted because the sentencing Court abused its discretion when it relied on information outside of the Pre-Sentence investigation report (PSI) which would reveal as set forth in paragraphs 2 and 3 of Motion for review of Sentence, that the petitioner is not a danger to society as portrayed by the lengthy sentence imposed by the Court. Mayes V. State, 604 A.2d 839 (Del. 1992).

4) That, "A Motion under Super. Ct. Crim. R. 35(a) May be Filed at any time and is not subject to the 90-day limitations period of Super. Ct. Crim. R. 35 (b)". Bowens V. State, A.2d (Del. Aug 20, 2007).

Wherefore: Upon the authorities and for the reasons stated herein, the petitioner pray that the Court will grant a review and correction of illegal sentence.

Dated: May 10, 2008

Petitioner, Pro Se,

David Lee Morris, SBI #187844
1181 Paddock Road
Smyrna, Delaware 19977.
MHU - Bldg. #23-A-1-6

(2)

Certificate of Service

This is to Certify that I, David Lee Morris, did serve a true and correct copy of the attached "Supplement To Motion For Review of Sentence" on the following named person(s) or agency by placing same in the United States Postal Services at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977; on this 10th day of May 2008.

To: Attorney General Office
Department of Justice
Georgetown, Delaware 19947.

Dated: May 10, 2008

Petitioner, Pro Se,
David Lee Morris
David Lee Morris, SBI 178544
1181 Paddock Road
Smyrna, Delaware 19977
MHU-Bldg #23-A-L-6

(3)

SUPERIOR COURT
OF THE
STATE OF DELAWARE



E. SCOTT BRADLEY
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

**CERTIFIED**

May 15, 2008  **AS A TRUE COPY**

ATTEST: *Jayne M. Callins*
PROTHONOTARY

David L. Morris
SBI# 00187844
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

PER: *Judy Mitchell*
CLERK

    Re:    Def. ID# 0305000324
           Motion for Review of Sentence filed May 12, 2008
           Supplement to Motion for Review of Sentence filed May 13, 2008

Dear Mr. Morris:

        Absent extraordinary circumstances, which I do not find exist, this Court only has the
authority to reduce or modify a sentence within ninety days of the date of sentencing pursuant to
Superior Court Criminal Rule 35(b). Additionally, you were sentenced pursuant to the
provisions of a Plea Agreement negotiated between the State and the defense. The Court
reviewed that agreement, found it to be appropriate and imposed the recommended sentence. I
remain satisfied the sentence imposed is reasonable and appropriate.

        Your Motion for Review of Sentence is denied. IT IS SO ORDERED.

                                        Very truly yours,

                                        E. Scott Bradley

ESB:tll

cc:    Prothonotary's Office
       Department of Justice

*Ex. J*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | § | |
| | § | No. 66, 2008 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for Kent County |
| | § | Cr. ID No. 9610021793 |
| EDWARD D. STURGIS, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted:  April 8, 2008
Decided:  May 6, 2008

Before **HOLLAND, BERGER** and **JACOBS**, Justices.

Upon appeal from the Superior Court.  **REVERSED**.

Paul R. Wallace, Esquire, Chief of Appeals, Department of Justice, Wilmington, Delaware, for appellant.

Edward D. Sturgis, *pro se*.

**HOLLAND**, Justice:

Ex. K

The State of Delaware appeals[1] from the Superior Court's final judgment and modified sentencing order, which reduced the minimum mandatory Level V sentence of Edward D. Sturgis ("Sturgis") for Attempted Murder in the First Degree from fifteen years to the eleven years and six months he had served.  This Court granted the State's motion to stay the Superior Court's modified sentencing order until this appeal was decided.

The State argues that Sturgis' modified sentence is illegal for two reasons:  first, because Rule 35(b) of the Superior Court's Rules of Criminal Procedure does not permit the reduction or suspension of the statutory minimum mandatory portion of a Level V sentence; and, second, because under section 4217(b),[2] the Department of Correction must make the request for a sentence reduction and section 4217(f) provides that "no offender who is serving a statutory mandatory term of incarceration at Level V imposed pursuant to a conviction for any offense set forth in Title 11 shall be eligible for sentence modification pursuant to this section during the mandatory portion of said sentence," except on account of the "serious medical illness

---

[1] Del. Code ann. tit. 10, § 9902 (2004).

[2] Del. Code ann. tit. 11, § 4217(b) provides: "The court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's ownself."

2

or infirmity of the offender."[3]  We have concluded that both of the State's assertions are correct.  Therefore, the judgment of the Superior Court must be reversed and its modified sentencing order must be vacated.

## *Facts*

On October 31, 1996, outside the nightclub Mingle, Dover Police Officer James Hosfelt watched Sturgis and Christopher Glover ("Glover") waiting for the vehicle occupied by Andre Bordley ("Bordley") and Jerome Sudler ("Sudler") to drive near them.  Officer Hosfelt then saw Sturgis and Glover fire at least ten gunshots at the vehicle and its occupants.  Bordley was seriously wounded, but survived.  Sudler was not wounded.  Sturgis and

---

[3] Section 4217(f) provides:

> Notwithstanding any provision of this section to the contrary, in the case of any offender who is serving a sentence of incarceration at Level V imposed pursuant to a conviction for any crime, the Court may order that said offender shall be ineligible for sentence modification pursuant to this section until a specified portion of said Level V sentence has been served, except that no offender who is serving a sentence of incarceration at Level V imposed pursuant to a conviction for a violent felony in Title 11 shall be eligible for sentence modification pursuant to this section until the offender has served at least one-half of the originally imposed Level V sentence, *and no offender who is serving a statutory mandatory term of incarceration at Level V imposed pursuant to a conviction for any offense set forth in Title 11 shall be eligible for sentence modification pursuant to this section during the mandatory portion of said sentence. Nothing in this paragraph shall preclude a sentence modification pursuant to this section which is based solely upon serious medical illness or infirmity of the offender.* (emphasis added).

3

Glover fled from the police, but were later apprehended. Sturgis confessed to the shooting and five eyewitnesses—including Officer Hosfelt, the victims, and Glover—identified Sturgis as one of the shooters.

Sturgis was charged with two counts of Attempted Murder in the First Degree; two counts of Possession of a Firearm During the Commission of a Felony; one count of Conspiracy in the First Degree; two counts of Possession of a Firearm by a Person Prohibited; one count of Resisting Arrest; and one count of Possession of Marijuana. Sturgis pled guilty to Attempted Murder in the First Degree. Sturgis' original sentence was imposed on March 17, 1997, after he had pleaded guilty pursuant to then-extant Criminal Rule 11(e)(1)(C).[4]

Sturgis received a sentence of twenty years Level V, suspended after the statutorily mandated fifteen-year minimum mandatory term of imprisonment.[5] The Truth-In-Sentencing ("TIS") Guilty Plea Form asks whether there is a minimum mandatory sentence, and if so, what is that sentence. Sturgis' TIS Form contains the answer "yes" as an indication that

---

[4] Rule 11(e)(1)(C) permitted a criminal defendant and the State to "agree that a specific sentence is the appropriate disposition of the case," subject to approval by the Superior Court. Sentencing agreements thereunder were also binding on the Superior Court, once the agreement was accepted. *Manis v. State*, 779 A.2d 884, 885 n.3 (Del. 2001).

[5] Del. Code. Ann. tit. 11, §§ 531, 636 and 4205(b)(1)(c) & (d).

the minimum mandatory sentence was fifteen years. In 2000, Sturgis filed a motion for postconviction relief in the Superior Court on the ground that his guilty plea was invalid due to ineffective assistance of counsel. After a hearing, the Superior Court denied the motion on April 21, 2001. Sturgis did not appeal.

In July 2007, Sturgis filed a motion pursuant to Superior Court Criminal Rule 35(b) requesting that his fifteen-year minimum mandatory sentence of incarceration at Level V be reduced to time served. Sturgis argued that his mother was ill and was no longer able to raise his three sons without his help. The Superior Court "deferred" action on the motion and told Sturgis that his motion would be reconsidered upon receipt of "demonstrations of extraordinary achievement in educational and parenting programs." In November 2007, Sturgis resubmitted his Rule 35(b) motion.

At the hearing on January 29, 2008, the Superior Court reduced Sturgis' sentence to eleven years and six months at Level V, to be followed by five years at Level III probation. The State then moved to stay execution of the modified sentencing order. The State also moved for correction of the modified sentence pursuant to Superior Court Criminal Rule 35(a) on the ground that, because the sentence was now less than the statutory fifteen-

5

year minimum, it was illegal.[6]  The Superior Court denied both motions, on the basis that "serious medical illness" of Sturgis' mother could override the minimum mandatory prison term and that Sturgis' original sentencing order dated March 17, 1997, did not mention that the fifteen-year Level V sentence was a minimum mandatory term.[7]

### *Separation of Powers*

The defining principle of our constitutional governments in the United States, at both the national and state levels, is a separation of powers.[8]  The history of Delaware reflects that "from the beginning our state government has been divided into the three departments, legislative, executive and judicial.  It is likewise true that generally speaking, one department may not encroach on the field of either of the others."[9]

---

[6] Del. Code Ann. tit. 11, § 4205(b)(1).

[7] The Superior Court also noted that the minimum mandatory language on the Truth-In-Sentencing ("TIS") form appeared to have been corrected "during the plea colloquy, without meaningful discussion with and advice to [Sturgis]" and ruled that, if the State appealed, it would "deem [Sturgis's] presence here today as a motion to withdraw his plea of guilty" and would "set the matter for hearing at the earliest available date."

[8] *Evans v. State*, 872 A.2d 539 (Del. 2005).  *See also* M.J.C. Vile, *Constitutionalism and the Separation of Powers* 1-175 (1967) and Malcolm P. Sharp, *The Classical American Doctrine of "The Separation of Powers*," 2 U. Chi. L. Rev. 385-436 (1935).

[9] *Evans v. State*, 872 A.2d at 547-48 (quoting *Trustees of New Castle Common v. Gordy*, 93 A.2d 509, 517 (Del. 1952)).

6

In criminal matters, the judicial function is to interpret the law and apply its remedies and penalties in particular cases.[10]   For almost two hundred years, those exercises of judicial authority have been dependent, however, upon the legislature's power to "make an act a crime, affix a punishment to it, and declare the Court that shall have jurisdiction of the offense."[11]   Moreover, the legislature "has the power to define criminal punishments without giving the courts any sentencing discretion."[12]

It has been noted that "determinative sentences were found in this country's penal codes from its inception and some have remained to the present."[13]   The United States Court of Appeals for the Third Circuit has summarized the United States Constitution's history of the legislature's authority to eliminate or limit the judiciary's exercise of discretion in imposing a criminal sentence, as follows:

> While the pronouncement of sentence after a trial or a guilty plea may be an inherently judicial function, the proposition that specifying the sentence is an inherently judicial function is not supportable either by history or by the text of the Constitution. The Supreme Court has consistently recognized that Congress

---

[10] *Id.* at 548 (citing John A. Fairlie, *The Separation of Powers*, 21 Mich. L. Rev. 393 (1922)).

[11] *United States v. Hudson & Goodwin*, 11 U.S. 32, 34 (1812).

[12] *Chapman v. United States*, 500 U.S. 453, 467 (1991) (citing *Ex Parte United States*, 242 U.S. 27, 37 (1916)).

[13]*Id.* (citations omitted).

7

has plenary authority over the designation of appropriate punishment for federal crimes.[14]

Similarly, under the Delaware Constitution, the General Assembly has the power to define a crime and to set its punishment.[15] The statutory boundaries of criminal sentences for violations of Delaware law are questions of public policy for the General Assembly to answer.[16] Accordingly, we hold that the enactment of statutory minimum mandatory sentences does not violate the separation of powers provided for in the Delaware Constitution.

### *Minimum Mandatory Statute*

The minimum mandatory Level V sentence for the class A felony of Attempted Murder in the First Degree is fifteen years.[17] That minimum

---

[14] *United States v. Frank*, 864 F.2d 992, 1010 (3d Cir. 1988) (citing *United States v. Grayson*, 438 U.S. 41 (1978); *Ex Parte United States*, 242 U.S. 27, 42 (1916)).

[15] *See Evans v. State*, 872 A.2d 539 (Del. 2005). *See also Collison v. State*, 2 A.2d 97, 100 (Del. 1938).

[16] *Dunn v. Mayor of Wilmington*, 212 A.2d 596, 605 (Del. Super. 1965) and *Gore v. United States*, 357 U.S. 386, 393 (1958).

[17] Del. Code ann. tit. 11, § 4205(b)(1) ("The term of incarceration . . . is fixed [at] . . . not less than 15 years . . . to be served at Level V").

8

sentence must be imposed by the Superior Court.[18]   No portion of that fifteen-year term can be suspended.[19]

To the extent the Delaware judiciary has any power to modify an otherwise minimum mandatory sentence, that authority must come from a separate legislative enactment.[20]   Two statutes are implicated in this appeal. The first statute relates to the Superior Court's authority to adopt rules of practice and procedure for criminal proceedings. The second statute provides for the modification of a minimum mandatory sentence upon application by the Department of Correction.

### *Substantive Statutes Control Procedural Rules*

Superior Court Criminal Rule 35 is a rule of procedure. It reads, in pertinent part, as follows:

> (b)    *Reduction of sentence.* The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending. The court will

---

[18] Del. Code ann. tit. 11, § 4205(c) ("[T]he court shall impose a sentence of Level V incarceration where a minimum sentence is [prescribed].").

[19] Del. Code ann. tit. 11, § 4205(d) ("Where a minimum, mandatory, mandatory minimum or minimum mandatory sentence is required by subsection (b) of this section, such sentence shall not be subject to suspension by the court.").

[20] *See Gore v. United States*, 357 U.S. 386, 393 (1958).

consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.[21]

The General Assembly has enacted a statute that recognizes the Superior Court's authority to "adopt and promulgate general rules which prescribe and regulate the form and manner of process, pleading, practice and procedure governing criminal proceedings in the Superior Court from their inception to their termination . . . ."[22]    In a separate legislative pronouncement, the General Assembly has deferred to the Superior Court's rule-making authority by providing that, in criminal actions, any conflict between a statute and a rule of procedure shall be resolved in favor of the rule.[23]

In the same statute that recognizes the Superior Court's power to adopt *procedural* rules, however, the General Assembly stated that "such rules shall not abridge, enlarge or modify the *substantive* rights of any person . . . ."[24]   Therefore, Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion

---

[21] Super. Ct. Crim. R. 35(b). *See State v. Lewis*, 797 A.2d 1198, 1200-01 (Del. 2002).

[22] Del. Code ann. tit. 11, § 5121(a).

[23] Del. Code ann. tit. 11, § 5122. *See Crawford v. State*, 859 A.2d 624, 627 (Del. 2004).

[24] Del. Code ann. tit. 11, § 5121(b) (emphasis added). *See Crawford v. State*, 859 A.2d at 627.

10

of a *substantive* statutory minimum sentence.[25] Accordingly, we hold that Rule 35 does not provide a basis for the reduction to the statutory minimum mandatory sentence that the Superior Court granted in Sturgis' case.

### *Section 4217 Inapplicable*

The Superior Court also relied upon section 4217 of the Delaware Code as providing a legal basis for the reduction of Sturgis' minimum mandatory sentence. Section 4217(b) permits sentence reduction applications to be acted upon by the Superior Court, but only when the Department of Correction has initiated the request for a modification of sentence. In addition, even upon a motion by the Department of Correction, section 4217(f) permits the reduction of mandatory minimum sentences for convictions of Title 11 violent crimes "solely upon serious medical illness or infirmity of the offender." These two limitations reflect a legislative determination that minimum mandatory sentences may only be reduced in the most exceptional of circumstances.

In *Ex Parte United States*, the Supreme Court concluded that courts did not possess the inherent power to suspend a minimum mandatory

---

[25] *Hassett v. State*, 2004 WL 2743423, at *1 (Del. Supr.) (finding that the Superior Court correctly concluded that it had no authority to reduce mandatory Level V sentence upon defendant's motion). *See also Reid v. State*, 2007 WL 3044438 (Del. Supr.).

11

sentence under the common law and that such a power was inconsistent with the power of the legislature to fix sentences for violations of the law.[26] Nevertheless, the Superior Court assumed that, since section 4217 permitted it to consider a motion for reduction of a Title 11 minimum mandatory Level V sentence upon an application by the Department of Correction, based upon a defendant's serious medical illness, that it also had authority to consider a motion for reduction upon a motion by Sturgis based upon his mother's serious illness, even without an application by the Department of Correction.   In an analogous context, the United States Supreme Court rejected such an assumption and held that the Congressional delegation of authority to determine release dates to the Parole Commission validity implied that the judge has no enforceable expectations with respect to the release date, short of the statutory term.[27]

As the United States Supreme Court has recognized, the power over sentencing is not an inherently judicial function.[28]  The limitations set forth in section 4217 by the General Assembly are clear and unambiguous.  First, an inmate's sentence may not be reduced by the Superior Court under

---

[26] *Ex Parte United States*, 242 U.S. 27, 51-52 (1916).

[27] *United States v. Addonizio*, 442 U.S. 178, 190 (1979).

[28] *See Ex Parte United States*, 242 U.S. at 51-52.

section 4217 except on application of the Department of Correction.[29] Second, the provisions of section 4217(f) may *only* be invoked by the Department of Correction to reduce a minimum mandatory portion of a Title 11 Level V sentence "upon serious medical illness or infirmity of the offender." Accordingly, we hold that Sturgis' *pro se* motion for a reduction of his statutorily mandated minimum mandatory Level V sentence could not be considered by the Superior Court because it did not comport with the two conditions precedent that are required by section 4217(b) and (f).

### Conclusion

The judgment of the Superior Court is reversed and its modified sentencing order is vacated.[30]

---

[29] Del. Code ann. tit. 11, § 4217(b).

[30] The pending motion by Sturgis for "Issuance of Certificate of Cost Bond or Release" is moot.

## CERTIFICATE OF SERVICE

I, Abby Adams, being a member of the Bar of the Supreme Court of Delaware, hereby certify that on June 19, 2008, I caused two copies of the attached document to be placed in the U.S. Mail, first class postage prepaid, addressed to:

> David L. Morris
> No. 187844
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

Abby Adams
Deputy Attorney General
Department of Justice
114 E. Market Street
Georgetown, DE 19947
Del. Bar I.D. No. 3596

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID LEE MORRIS, | § | |
| | § | No. 276, 2008 |
|     Defendant Below- | § | |
|     Appellant, | § | |
| | § | |
| | § | Court Below—Superior Court |
|     v. | § | of the State of Delaware |
| | § | in and for Sussex County |
| STATE OF DELAWARE, | § | Cr. ID No. 0305000324 |
| | § | |
|     Plaintiff Below- | § | |
|     Appellee. | § | |

Submitted: June 19, 2008
Decided: July 10, 2008

Before **HOLLAND**, **BERGER** and **JACOBS**, Justices

## O R D E R

This 10th day of July 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1)    The defendant-appellant, David Lee Morris, filed an appeal from the Superior Court's May 15, 2008 order denying his motion for correction of illegal sentence pursuant to Superior Court Criminal Rule 35(a). The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and AFFIRM.

*(Exhibit-F)*

(2)    In July 2003, Morris was charged with three counts of Rape in the First Degree and one count of Unlawful Sexual Contact. On January 7, 2004, he pleaded guilty to one count of the lesser-included offense of Rape in the Second Degree. In exchange for the plea, the State dismissed the remaining charges. Morris was sentenced to 15 years at Level V, to be suspended after 10 years for 5 years at Level III probation.

(3)    In this appeal, Morris claims that the Superior Court abused its discretion when it denied his motion to correct an illegal sentence. He contends that it was a violation of his constitutional rights to sentence him to more than 2-5 years at Level V, the "presumptive" sentence for the crime under the SENTAC guidelines.[1]

(4)    The minimum mandatory prison term on a conviction of Rape in the Second Degree is 10 years at Level V.[2] Morris is, thus, serving the statutory minimum mandatory sentence. Moreover, that minimum mandatory sentence may not be reduced by the Superior Court.[3] To the extent that Morris attempts to argue that a departure from the SENTAC guidelines provides a basis for his claim of an illegal sentence, that attempt is unavailing. It is well-settled that the SENTAC guidelines are voluntary

---

[1] The Superior Court based its decision on Rule 35(b), which provides that, absent extraordinary circumstances, a motion to modify or reduce a sentence must be made within 90 days of the date of sentencing.

[2] Del. Code Ann. Tit. 11, § 772(a) (2) h.

[3] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008).

2

and non-binding and provide no independent basis for an appeal of a sentence that is within the statutory authorization.[4] Because Morris' claim is without merit, the Superior Court's judgment must be affirmed, albeit on a basis different from that relied upon by the Superior Court.[5]

(5)    It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Carolyn Berger
Justice

---

[4] *Ward v. State*, 567 A.2d 1296, 1297 (Del. 1989).

[5] *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995).

3

Certificate of Service

This is to Certify that I, David L. Morris, did Cause to be served a true and Correct Copy of a "Petition under 28 U.S.C. Subsec. 2254 For Writ of Habeas Corpus, A Memorandum Brief In Support of Habeas Petition, and Exhibits - A thru F, on the following named person or agency on this 8th day of August 2008.

To: Abby Adams, Esquire
Deputy Attorney General
Department of Justice
114 East Market Street
Georgetown, Delaware 19947.

Dated: 8-7-08

Petitioner, Pro Se,
David L. Morris
David L. Morris, SBI #187844
1181 Paddock Road
Smyrna, Delaware 19977.
M.H.U.- Bldg. #23- A-L-6